UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DONNELL TAYLOR,

Plaintiff,

-against-

CITY OF NEW YORK, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

Defendants,

------------------------------------------------------------------------x



JUDGE BATTS

07 CV

COMPLAINT

Index No.

Jury Trial Demanded

MAY 29 2007

        Plaintiff DONNELL TAYLOR, by his attorneys, Leventhal & Klein, LLP, complaining

of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.      Plaintiff brings action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the States of New York and the United

States.  Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. §

1391(b), in that it is the District in which the claim arose.

1

## JURY DEMAND

5.    Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff DONNELL TAYLOR is a Hispanic American male, a citizen of the United States, and at all relevant times a resident of the City and States of New York.

7.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.    Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9    That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 Through 10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.    Each and all of the acts of the defendant alleged herein were done by said

2

defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On March 11, 2006, at approximately 6:30 p.m., plaintiff DONNELL TAYLOR was lawfully in the vicinity of 7th Avenue and 143rd Street, in the County and State of New York.

14.     At the aforesaid time and place, the defendants, members of the New York City Police Department, were in the process of interrogating and arresting the plaintiff's brother. When the plaintiff lawfully asked the officers why they were arresting his brother, he was directed to get up against a wall, and was thereafter roughly taken to the ground by on e of the defendants, and felt the defendants punching him. Plaintiff was thereafter detained and arrested for Resisting Arrest and Disorderly Conduct. The charges, which were maliciously issued by the defendants to cover up their acts of brutality and abuse of authority, and were conveyed to the New York County District Attorney's Office for the purpose of initiating a prosecution against the plaintiff. Plaintiff was detained overnight until he was released without bail on March 12, 2006. However, plaintiff was forced to defend the baseless charges until they were ultimately dismissed and sealed on or about November 18, 2006.

15.     As a result of the above, plaintiff was taken to Harlem Hospital by the defendants, where he was treated for the injuries inflicted by the defendants.

16.     As a result of the foregoing, plaintiff DONNELL TAYLOR sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

3

**Federal Claims**

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights under 42 U.S.C. § 1983)

17.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18.     All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

19.     All of the aforementioned acts deprived plaintiff DONNELL TAYLOR of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. §1983.

20.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

22.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

23.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

4

paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.    The level of force employed by defendants was objectively unreasonable and in violation of plaintiff DONNELL TAYLOR'S constitutional rights.

25.    As a result of the aforementioned conduct of defendants, plaintiff DONNELL TAYLOR was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

26.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.    Defendants had an affirmative duty to intervene on behalf of plaintiff DONNELL TAYLOR, whose constitutional rights were being violated in their presence by other officers.

28.    The defendants failed to intervene to prevent the unlawful conduct described herein.

29.    As a result of the foregoing, plaintiff DONNELL TAYLOR'S liberty was restricted for an extended period of time, he was put in fear of his safety, he was strip searched, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause. Further, plaintiff sustained physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (False Arrest under 42 U.S.C. § 1983)

30.    Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.    The defendants unlawfully imprisoned plaintiff DONNELL TAYLOR against his will without any probable cause or privilege.

32.    As a result of the foregoing, plaintiff DONNELL TAYLOR was deprived of his

Fourth Amendment rights.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

33.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.    Defendants maliciously issued criminal process against plaintiff DONNELL TAYLOR by causing him to be arraigned and prosecuted for disorderly conduct and resisting arrest, notwithstanding that there was no lawful basis to arrest or prosecute the claimant or any other basis for the charges.

35.    Defendants caused plaintiff DONNELL TAYLOR to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff DONNELL TAYLOR by convening false information to the New York County District Attorney's Office and by otherwise causing plaintiff to be prosecuted.

38.    Upon information and belief, the criminal prosecution was terminated in favor of the accused when it was dismissed and sealed on or about November 18, 2006.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(First Amendment Claim under 42 U.S.C. § 1983)

39.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in

6

paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     The acts of the defendants were in retaliation for plaintiff's exercise of his free speech, and not in response to any unlawful acts of the plaintiff.

41.     As a result of the aforementioned conduct of defendants, plaintiff DONNELL TAYLOR's First Amendment Rights were violated.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping, assaulting and battering, and seizing innocent citizens who question police misconduct, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DONNELL TAYLOR'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

7

45.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DONNELL TAYLOR.

46.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DONNELL TAYLOR as alleged herein.

47.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DONNELL TAYLOR as alleged herein.

48.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff DONNELL TAYLOR was unlawfully stopped, seized, beaten, strip searched, detained, incarcerated, and subjected to physical abuse.

49.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DONNELL TAYLOR'S constitutional rights.

50.    All of the foregoing acts by defendants deprived plaintiff DONNELL TAYLOR of federally protected rights, including, but not limited to, the right:

      A.    Not to be deprived of liberty without due process of law;

      B.    To be free from false arrest, malicious prosecution, and malicious abuse of process;

      C.    To receive equal protection under law; and

D.    To be free from the use of excessive force and/or the failure to intervene.

51.    As a result of the foregoing, plaintiff DONNELL TAYLOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

52.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

54.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

55.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

56.    Plaintiff has complained with all conditions precedent to maintaining the instant action.

57.    Their action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

58.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

9

59.    As a result of the foregoing, plaintiff DONNELL TAYLOR was placed in apprehension of imminent harmful and offensive bodily contact.

60.    As a result of defendant's conduct, plaintiff DONNELL TAYLOR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

61.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    Defendants made offensive contact with plaintiff without privilege or consent.

63.    As a result of defendant's conduct, plaintiff DONNELL TAYLOR has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

64.    Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

66.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

67.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

10

68.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff DONNELL TAYLOR.

69.    As a result of the aforementioned conduct, plaintiff DONNELL TAYLOR suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR THE TWELFTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

70.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.    Defendants unlawfully imprisoned and restrained the plaintiff.

72.    As a result of the aforementioned conduct, plaintiff DONNELL TAYLOR was falsely arrested in violation of the laws of the State of New York.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

73.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.    Defendants maliciously abused criminal process against plaintiff DONNELL TAYLOR by causing him to be prosecuted for an improper purpose.

75.    Defendants caused plaintiff DONNELL TAYLOR to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in

11

paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff DONNELL TAYLOR by providing false information to the New York County District Attorneys' office, and by otherwise participating in the prosecution of the plaintiff.

78.    Defendants caused plaintiff DONNELL TAYLOR to be prosecuted until the proceedings terminated in plaintiff's favor when they were dismissed and sealed on or about November 18, 2006.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

79.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.    Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest, assault and strip search of plaintiff DONNELL TAYLOR.

81.    Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

82.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, assault and strip search of plaintiff DONNELL TAYLOR.

## AS AND FOR AN SEVENTEETH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

84.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

86.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

88.     As a result of the foregoing, plaintiff DONNELL TAYLOR is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

13

**WHEREFORE**, plaintiff DONNELL TAYLOR demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       May 23, 2007

                                        LEVENTHAL & KLEIN, LLP
                                        45 Main Street, Suite 820
                                        Brooklyn, New York 11201
                                        (718) 722-4100

                                        By:  _____
                                             BRETT H. KLEIN (BK4744)

                                        Attorneys    for    Plaintiff    DONNELL
                                        TAYLOR

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

DONNELL TAYLOR,

                                                    Plaintiffs,

          -against-

CITY OF NEW YORK, ET AL.

                                                    Defendants,

---------------------------------------------------------------------------------X

**COMPLAINT**

LEVENTHAL & KLEIN, LLP
Attorneys for the Plaintiff
45 Main Street, Suite 820
Brooklyn, New York 11201
(718) 722-4100

1